IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY L. FRANKS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2975 |
| | § | |
| HILCORP ALASKA, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion")

[Doc. # 19] filed by Defendant Hilcorp Alaska, LLC ("Hilcorp"), to which Plaintiff

Jerry L. Franks, Jr. filed a Response [Doc. # 24], and Defendant filed a Reply [Doc.

# 25]. Having reviewed the full record and governing legal authorities, the Court

**grants** the Motion.

## I.    BACKGROUND

On July 31, 2012, Plaintiff was an employee of Williams-Southern Company

LLC ("Williams-Southern") performing exploration and production related services

at Hilcorp's Grayling Platform in Alaska territorial waters. Plaintiff was injured when

he fell from a ladder that he was using to retrieve a rain coat from a shipping/storage

container ("Conex").

Plaintiff filed this lawsuit against Hilcorp and Hilcorp Energy I, LP. Plaintiff asserts a negligence claim and a premises liability claim. On December 30, 2013, before either Defendant appeared in the case, Plaintiff voluntarily dismissed all claims against Hilcorp Energy I, LP.

After the discovery deadline expired, Hilcorp moved for summary judgment on both claims against it in this lawsuit. The Motion has been fully briefed and is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

## III.   NEGLIGENCE CLAIM

Under Alaska law,[1] the elements of a negligence claim are (1) the existence of a duty of care, (2) breach of the duty, (3) injury to the plaintiff, and (4) factual and proximate causation. *See Regner v. North Star Volunteer Fire Dept.*, 323 P.3d 16, 21 (Alaska 2014). As a general rule, a party contracting with an independent contractor is not liable for negligence of the independent contractor that causes injury to the independent contractor's employee. *See Petranovich v. Matanuska Elec. Ass'n*, 22 P.3d 451, 454 (Alaska 2001). If, however, the "contracting party retains control over any part of the work, they can be subject to liability for failing to exercise that control

---

[1]     The parties agree correctly that Alaska law applies.

with reasonable care." *Id.* "The precise nature and extent of control required to incur liability under the retained control doctrine must be more than the normal right of an employer to ensure that the work is done in a satisfactory manner." *Id.* at 455. It is not enough that Hilcorp had a general right to make suggestions or recommendations that need not necessarily be followed. *See id.* Instead, there must be "such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." *Id.*

There is no dispute that, at the time of his injury, Plaintiff was an employee of Williams-Southern, took direction only from Williams-Southern employees, and received no instruction from Hilcorp regarding how to perform his job. Plaintiff conceded in his deposition that no Hilcorp employee was present when he was injured, that he was climbing on a ladder owned by Williams-Southern, and that no Hilcorp employee instructed him to access the Conex by climbing the ladder or otherwise.

Having admitted these facts, Plaintiff does not argue or present evidence that Hilcorp generally retained and exercised a level of control over his work sufficient to impose liability on Hilcorp under a negligence theory. Instead, Plaintiff argues that Hilcorp, by gratuitously making safety inspections, assumed "affirmative duties with respect to safety" and is liable because it exercised those affirmative duties

negligently. *See* Response, p. 6 (citing *Moloso v. State*, 644 P.2d 205 (Alaska 1982)). Plaintiff's evidence does not raise a genuine issue of material fact on either issue.

Plaintiff presents evidence that on July 9, 2012, Hilcorp's safety coordinator John Coston noticed that one of Williams-Southern's ladders was being used to access a Conex. Coston informed the Williams-Southern representative on the platform that use of the ladder against the Conex was "unacceptable, totally unacceptable" and told the representative that Williams-Southern needed to get proper equipment to access the Conex. Later that month, an inspection was performed by Colleen Darrell, a retired OSHA inspector with whom Hilcorp contracted to inspect the platform. Darrell's report makes no mention of a ladder being improperly used at that time to access a Conex. *See* Darrell Audit Report, Exh. 4 to Response.

Even if the evidence, taken in the light most favorable to Plaintiff, raised a fact question regarding whether Hilcorp assumed affirmative duties with regard to Plaintiff's safety, there is no evidence that Hilcorp performed those duties negligently. On July 9, 2012, Coston noticed the misuse of the ladder to access the Conex and immediately informed Williams-Southern that such use was "unacceptable." That same day, Williams-Southern removed the ladder from its position leaning against the Conex. *See* Deposition of John Coston, Exh. B to Reply, p. 47. Darrell did not mention the ladder placed against the Conex in connection with her detailed

inspection of the platform on July 20, 2012. The uncontroverted evidence demonstrates that Coston noticed the hazard and reported it to Williams-Southern, who remedied the hazard. Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of his negligence claim against Hilcorp.

IV.    **PREMISES LIABILITY CLAIM**

Under Alaska law, a property owner has a general duty to act reasonably in maintaining his property in a reasonably safe condition in light of all the circumstances. *See Hurn v. Greenway*, 293 F.3d 480, 483 (Alaska 2013). A property owner has a related duty to protect persons from harm created by a dangerous condition of the property. *See Moloso*, 644 P.2d at 219. This duty to warn arises only when the property owner "(1) knows or by the exercise of due care should know of an unreasonable risk of harm to persons on the land, (2) should expect that these persons will not discover or realize the danger presented, and (3) fails to exercise due care to protect those persons against danger." *Id.* In the independent contractor context, this duty to warn of a latent dangerous condition is satisfied "by warning or giving notice to the independent contractor or supervisory personnel." *Id.* at 219-20.

Plaintiff's evidence fails to raise a genuine issue of material fact regarding whether Hilcorp should have expected that Plaintiff would not discover or realize the danger presented. There is no evidence that Plaintiff was incapable of discovering or

realizing that the use of the ladder to access the Conex presented a danger of falling off the ladder. Moreover, even if Hilcorp had a duty to warn that the misuse of the ladder was dangerous, Hilcorp satisfied that duty. Coston notified the Williams-Southern representative on the platform that using the ladder to access the Conex was "unacceptable" and that Williams-Southern needed to use proper equipment. The uncontroverted evidence is that Williams-Southern removed the ladder from against the Conex, and it was not against the Conex on July 20, 2012, when Darrell conducted her investigation. There is no evidence that Hilcorp had notice that the ladder was being used on July 31, 2012, when Plaintiff used the ladder and was injured.

Plaintiff has failed to raise a genuine fact dispute supporting his claim that Hilcorp owed him a duty to warn that the ladder was a dangerous condition on the platform. Even if Hilcorp had such a duty, it satisfied that duty by warning Williams-Southern, who removed the ladder from the Conex. Consequently, Hilcorp is entitled to summary judgment on the premises liability claim.

## V.    CONCLUSION AND ORDER

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of his claims against Hilcorp. Accordingly, it is hereby

**ORDERED** that Hilcorp's Motion for Summary Judgment [Doc. # 19] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 28th day of **April, 2015.**

Nancy F. Atlas
United States District Judge